1  MAYER BROWN LLP
2  DONALD M. FALK (SBN 150256)
   *dfalk@mayerbrown.com*
3  Two Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA 94306
   Telephone: (650) 331-2000
5
6  JOHN NADOLENCO (SBN 181128)
   *jnadolenco@mayerbrown.com*
7  350 South Grand Avenue
   25th Floor
8  Los Angeles, CA  90071
   (213) 229-9500
9
10  ARCHIS A. PARASHARAMI *(pro hac vice application to be filed)*
   *aparasharami@mayerbrown.com*
11  1999 K Street, N.W.
   Washington, D.C. 20006-1101
   Telephone: (202) 263-3328
12
13  *Counsel for Defendant AT&T Mobility LLC,
improperly named as AT&T Inc.*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALINA BEKKERMAN; BRANDON GRIFFITH; JENNY LEE; and CHARLES LISSER,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA BOARD OF EQUALIZATION; STATE OF CALIFORNIA; AT&T, INC.; SPRINT CORPORATION; T-MOBILE US, INC.; VERIZON COMMUNICATIONS, INC.; and DOES 1 to 20, inclusive,<br><br>    Defendants. | Case No. _____<br><br>CALIFORNIA STATE COURT CASE NO. 34-2016-80002287<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT AT&T, INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br><br>(DIVERSITY JURISDICTION—CLASS ACTION FAIRNESS ACT) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant AT&T Mobility LLC ("AT&T"), improperly named as AT&T, Inc., hereby removes to this Court the state-court action described below.[1]

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), and for which removal to this Court is appropriate pursuant to 28 U.S.C. §§ 1441, as discussed in more detail below.

## BASES FOR DIVERSITY AND REMOVAL

1.  On February 5, 2016, Plaintiffs Alina Bekkerman, Brandon Griffith, Jenny Lee, and Charles Lisser filed a putative class action in the Superior Court of the State of California, County of Sacramento, under Case Number 34-2016-80002287.

2.  On March 3, 2016, AT&T received by certified mail the Summons, Civil Case Cover Sheet, Complaint and Petition, Ruling on Notice of Related Cases and Order Transferring Case, Notice of Case Assignment, Guide to the Procedures for Prosecuting Petitions and Prerogative Writs, Program Case Notice, Alternative Dispute Resolution Information Package, and blank Stipulation and Order to Mediation. AT&T executed a written acknowledgement of receipt on March 21, 2016—which is therefore the date service "is deemed complete" under California law. Cal. Civ. Code Proc. § 415.30(c). Pursuant to 28 U.S.C. § 1446(a), true and

---

[1]   Consent of the other Defendants to removal under the Class Action Fairness Act is not required. *See* 28 U.S.C. § 1453(b); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 682 (9th Cir. 2006) (CAFA "overrides the judge-created requirement that each defendant consent to removal"). Nonetheless, AT&T has conferred with counsel for Defendants Sprint Solutions, Inc., incorrectly sued as Sprint Corporation, T-Mobile USA, Inc., incorrectly sued as T-Mobile US, Inc., and Cellco Partnership d/b/a Verizon Wireless, incorrectly sued as Verizon Communications, Inc. AT&T can represent that each of those Defendants consents to removal.

By filing this Notice of Removal, AT&T does not concede that this Court has personal jurisdiction over AT&T; AT&T expressly preserves its right to challenge personal jurisdiction. *See, e.g.*, *Team Enters., LLC v. W. Inv. Real Estate Tr.*, 2008 WL 4367560, at *2 (E.D. Cal. Sept. 23, 2008) ("A defendant's choice to first remove an action to federal court before seeking to challenge personal jurisdiction does not constitute a waiver of objections to personal jurisdiction.") (collecting cases); *accord, e.g.*, *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015); *Maplebrook Townhomes LLC v. Greenbank*, 2010 WL 4704472, at *4 (N.D. Cal. Nov. 12, 2010).

correct copies of all process, pleadings, and orders served upon AT&T are attached to this Notice of Removal as Exhibit 1.

3. This Notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Superior Court of the State of California, County of Sacramento is located within the Eastern District of California. 28 U.S.C. § 84(b). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

5. The Court has jurisdiction over this action pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. § 1332 to grant federal district courts original jurisdiction over putative class actions with 100 or more class members, where the aggregate amount in controversy exceeds $5 million, and where any member of the class of plaintiffs is a citizen of a state different from any defendant. As set forth below, this action satisfies each of these requirements for original jurisdiction under CAFA.

6. **Covered Class Action.** This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see* 28 U.S.C. § 1453(a). Plaintiffs' Complaint repeatedly describes their state-court action as a class action. *See, e.g.*, Complaint ¶¶ 14-16, 36, 38, 46, 100-111.

7. **Class Action Consisting of More than 100 Members.** The Complaint alleges that "the Class comprises hundreds of thousands, if not millions, of Californians." Compl. ¶ 107. Accordingly, the Complaint alleges that the aggregate number of putative class members is at least 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B).

8. **The Parties Are Minimally Diverse.** CAFA requires minimal diversity, that is, at least one putative class member must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

9. One defendant to this action, AT&T, is incorporated under the laws of Delaware and maintains its principal place of business in Texas. Compl. ¶ 24. AT&T is therefore a citizen of Delaware and Texas within the meaning of 28 U.S.C. § 1332.

10. Each named Plaintiff alleges that he or she "resides and at all relevant times resided in the States of California." Compl. ¶¶ 17-20. And Plaintiffs seek to represent a putative class that they believe "comprises hundreds of thousands, if not millions, of Californians." *Id.* ¶ 107. Although a resident of California may not in all cases necessarily be a citizen for diversity purposes, it is reasonable to infer from Plaintiffs' allegation that the putative class includes hundreds of thousands or millions of "Californians" that at least *one* of these alleged "Californians" is a citizen of California, which is all that is required to satisfy 28 U.S.C. § 1332(d)(2)(A)'s requirement that at least one putative class member is a "citizen of a State different from any defendant."

11. **The Amount in Controversy Clearly Exceeds $5 Million.** Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). While AT&T denies the claims alleged in Plaintiffs' Complaint and further denies that Plaintiffs, or any putative class member, are entitled to any monetary or other relief, the amount in controversy here satisfies the jurisdictional threshold.

12. The Complaint seeks a total refund of "Excess Sales Tax" paid by each member of the putative class for the purchase of a mobile phone. Compl. ¶ 41; *see also id.* at 24-26 (Prayer). The Complaint alleges that the amount of the Excess Sales Tax paid by putative class members is in the "hundreds of millions of dollars." *Id.* ¶ 38. The Complaint further alleges that in 2014 alone, for instance, the Excess Sales Tax "comprised at least half of . . . $383 million"— or $191.5 million—well in excess of $5 million. *Id.* ¶ 40.

13. This conclusion is reinforced by Plaintiffs' request for additional relief, including attorneys' fees (*e.g.*, Compl. ¶ 49; *id.* at 25-26), which also figure into the amount at issue,

putting it well beyond the jurisdictional minimum set forth in 28 U.S.C. § 1332(d).  *See e.g.*, *Johnson v. Sunrise Senior Living Mgmt., Inc.*, 2016 WL 917888, at *6 (C.D. Cal. Mar. 8, 2016) (attorneys' fees may be used to determine the amount in controversy under CAFA); *Trahan v. U.S. Bank Nat'l Ass'n*, 2014 WL 116606, at *5 (N.D. Cal. Jan. 13, 2014) (same).

14. **Not All Primary Defendants Are State Entities.**  Although Plaintiffs have named the State of California and the California Board of Equalization as defendants in the state-court lawsuit, their inclusion as defendants does not affect AT&T's right to remove this case under CAFA.  While CAFA's grant of federal jurisdiction does not apply to a class action in which "the primary defendants are States, State officials, or other governmental entities," 28 U.S.C. § 1332(d)(5)(A), every federal court of appeals to address the issue has held that "[t]he plain text of § 1332(d)(5)(A), using the definite article before the plural nouns, requires that *all* primary defendants be states." *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (emphasis added); *accord Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1263-64 (10th Cir. 2014).

15. Defendants AT&T, Sprint Solutions, Inc., T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless (referred to collectively in the Complaint as "Corporate Defendants") are primary defendants within the meaning of 28 U.S.C. § 1332(d)(5)(A), and thus the state action provision does not preclude CAFA jurisdiction.  The term "primary defendant" is not defined in the statute, but courts interpreting the term in the CAFA context have held that "a 'primary defendant' is any [defendant] with direct liability to the plaintiffs." *Kearns v. Ford Motor Co.*, 2005 WL 3967998, at *8 (C.D. Cal. Nov. 21, 2005); *accord, e.g.*, *Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 359 (E.D.N.Y. 2008) (collecting CAFA cases that "have defined the term 'primary defendants' as those parties that are directly liable to plaintiffs").  While AT&T again denies that Plaintiffs or any member of the putative class is entitled to relief, in the Complaint Plaintiffs and putative class members seek to recover damages and attorneys' fees directly from the Corporate Defendants (*e.g.*, Compl. ¶¶ 112-114, 133-136 & Prayer ¶¶ 2, 5), as well as to obtain injunctive relief against them.  In addition, the Complaint

alleges that the Corporate Defendants are liable to the entire class, "as opposed to simply a few individual class members." *Sorrentino*, 588 F. Supp. 2d at 358 (citation omitted).

### NOTICE TO ADVERSE PARTIES AND STATE COURT

16. In accordance with 28 U.S.C. § 1446(d), AT&T is serving Plaintiffs with a copy of a Notice to Plaintiffs of Filing of Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 in the form of Exhibit 2, which is incorporated by reference.

17. Pursuant to 28 U.S.C. § 1446(d), AT&T is also filing in the Superior Court of the State of California, County of Sacramento, and will serve the same upon Plaintiffs, a Notice to Superior Court of Filing of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 in the form of Exhibit 3, which is incorporated by reference.

### CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, AT&T hereby removes this action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California.

Dated: April 4, 2016

AT&T Mobility LLC

By: s/ *John Nadolenco*
John Nadolenco
Donald M. Falk
Archis A. Parasharami

*Counsel for Defendant AT&T Mobility LLC, improperly named as AT&T, Inc.*